Brian Waterman
Name

141 West Elm St.

Wichita KS 67203
Address

**FILED**

APR 23 2020

Clerk, U.S. District Court
By: _____ Deputy Clerk

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

Brian Michael Waterman, Plaintiff
*(Full Name)*

V.

Advanced Correctional Health Care, Defendant(s)

CASE NO. 20-3119-SAC
*(To be supplied by the Clerk)*

CIVIL RIGHTS COMPLAINT
PURSUANT TO 42 U.S.C.
§1983

### A. JURISDICTION

1) Brian Waterman *(Plaintiff)*, is a citizen of Kansas *(State)* who presently resides at 141 W Elm Wichita KS 67203 *(Mailing address or place of confinement.)*

2) Defendant Kristin Wagner *(Name of first defendant)* is a citizen of Columbus KS *(City, State)*, and is employed as APRN *(Position and title, if any)*. At the time the claim(s) alleged in this complaint arose, was this defendant acting under the color of state law? Yes ☒ No ☐. If your answer is "Yes", briefly explain: official an individual capacity

XE-2 8/82                CIVIL RIGHTS COMPLAINT §1983

1

3) Defendant **Danny Davis** is a citizen of
   *(Name of second defendant)*
   **Columbus KS**, and is employed as
   *(City, state)*
   **Cherokee County Jail**. At the time the
   *(Position and title, if any)*

claim (s) alleged in this complaint arose was this defendant acting under the color of state law? Yes [X] No [ ]. If your answer is "Yes", briefly explain:

**Individual Capacity**

(Use the back of this page to furnish the above information for additional defendants.)

4) Jurisdiction is invoked pursuant to 28 U.S.C. §1343(3); 42 U.S.C. §1983. (If you wish to assert jurisdiction under different or additional statutes, you may list them below.)

**1988**

## B. NATURE OF THE CASE

1) Briefly state the background of your case:

Advanced Corr. Healthcare providers at Cherokee County Jail doing all medical illness reports and medical evaluations. Jailers are not medically certified or competent substitutes for certified nurses, as well as inadequate meals being intentionally served, meals are unfit for consumption in retaliation for filing grievances. Medical neglect by Kristin Wagner.

XE-2 8/82                CIVIL RIGHTS COMPLAINT §1983                2


Defendant lara, Columbus KS Cherokee County Jail, Yes individual an official capacity.

Defendant Consolidated Correctional Food Services, Columbus KS, Cherokee County Jail. Yes. Individual an official capacity.

## C. CAUSE OF ACTION

1) I allege that the following of my constitutional rights, privileges or immunities have been violated and that the following facts form the basis for my allegations: (If necessary you may attach up to two additional pages (8½" x 11") to explain any allegation or to list additional supporting facts.)

A) (1) Count I: medical neglect and abuse, medical extortion of inmate funds. 8th an 14th Amendment violations for jailers doing all medical illness reports and

(2) Supporting Facts: (Include all facts you consider important, including names of persons involved, places and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.):

In March of 2020 I put in to see the APRN Wagner over the tumor or liatasion on my lower bottom jaw between my front teeth, which was separating my front bottom teeth due to the swelling, causing my gums to bleed an hurt when i ate food.

B) (1) Count II: 1st Amendment retaliation claim and a 14th Amendment violation claims for pretrial detainee punishment, and inadequate meals an medical care.

(2) Supporting Facts: On Dec of 2018 Wagner had to leave Cherokee Jail as the nurse. Kate hile took over. I went from 139 to 164. Wagner's first day back she took all three of my protein shakes away, without even seeing me.

+ )a)count 1: Medical evaluations. In March of 2020 I put in to see the nurse twice over recurring tumor or liabasion on my lower bottom gums. I was finally seen by a Jailer named Montgomery. He did a medical evaluation, gave his diagnosis to Sgt. Mandi Montanye, she called the nurse Kristin Wagner who prescribed me IBU 600 twice a day with mouth wash. Wagner refused a soft diet, due to my gums bleeding an hurting when I ate hard food. They did not schedule me to see a dentist. APRN Wagner went off a non-licensed, non-certified Jailers medical evaluation. Which I was charged $10.00 for. In 2018 I was seen for the same liabasion sent a specialist an surgery was done. APRN Wagner was the individual who set the appointments up. Advanced Correctional healthcare has established a unconstitutional policy or custom allowing Jailers to do medical evaluations on all Detainees or inmates. Jamie Thompson had a pace-maker. A Jailer did his evaluation. The Nurse refused his medication. Mr. Thompson's mother spent 100.00 on his heart medication. This policy places Detainees health in imminent danger allowing non-licensed Jailers to do medical evaluations, as I was placed in the infirmary due to an infection in my mouth from the liabasion or tumor. I was seen by the dentist here. He scraped tarter out of the liabasion which had an infection. I had 105 degree tempature, was placed on antibiotics 4x a day with Tylonel. The dentist scheduled me to see a specialist for surgery. The difference between a Jailer, and a Certified licensed professional seeing a patient. The Jailers are not even trained or licensed to practice medical in the state of Kansas. This type of medical treatment is shocking to the conscience, what citizen would want a Jailer to medically evaluate the medical issues? Access to medical staff has no meaning if the medical staff are not competent or licensed. The 14th Amendment ensures that states will provide not only for medical needs of those in a penal setting but anyone restricted by a state from obtaining medical care on his own. Deshaney 489 U.S. at 200; Youngberg v. Romero 457 US 307, 324 (1982)

The Constitution protection against deliberate Indifference to a pretrial detainee's serious medical condition springs from the 14th Amendment, due process Clause, See <u>Bell v. Wolfish</u>, 441 US 520 (1979); Lopez, 172 F.3d at 759 N.2. Prison officials [who] prevent an inmate from receiving treatment or denying him access to medical personnel capable of evaluating the need for treatment" which may constitute a deliberate Indifference. <u>Sealock v. Colorado</u> 218 F.3d 1205, 1211 (10th Cir. 2000) Under the due process Clause of the 14th Amendment, the city was required to provide to a pretrial detainee" Humane Conditions of Confinement by ensuring... the basic necessities of adequate food, clothing, shelter and medical care. <u>Barney v. Pulsipher</u>, 143 F.3d 1299, 1310 (10th Cir. 1998) <u>Framer v. Brennan</u>, 511 US 825, 837, 114 SCT. 1976 LED2d 811 (1994) <u>Wilson v. Seiter</u>, Ramos v. Lamm, 639 F.2d 559, 570 (10th Cir. 1980) This more than a difference of medical treatment or opinions. This policy and nslom opposses an immediate risk and danger to all inmates at Cherokee County Jail, And is extortion of inmate funds being charged 10.00 to see a Jailer for all medical needs and evaluations.

2) facts: I was seen by Jailer Montogomery he did a medical evaluation. Passed that medical opinion onto Sgt. Montanye, who called the nurse. I was prescribed 600 IBU an Mouth wash. My soft diet was denied. No dentist appointment was setup, as in 2018 APRN Kristin Wagner sent me to a dentist in Columbus KS, who then refered me to a specialist in pittsburg KS for surgery. Oppn arriveal at Sedgwick I placed a sick call. I was seen by a dentist, Placed on soft diet, an scheduled to see a specialist. He scrapped tarter out from the gum with an infection on it. I was sick from the infection with a tempature of 105. degrees, headaches, and throwing up. I was in the Clinic for 4 days, over the Infection in my mouth.

It is now the new policy of Advanced Health Care to have Jailers doing all Medical evaluations. Manzer health no longer contracts Kristin Wagner. She was forced to quit Cherokee Jail, until she could find a medical Provider to back her again.

Count 2: APRN Kristin Wagner was removed from Cherokee County Jail as the Nurse in Dec of 2018 Manzer health pulled their contract from her. Nurse Kate hite took over. I went from 139 to 164 pds under APRN Hites medical care. I was on 3 protein shakes a day an extra main course for 3 meals. In April 2019 17th, Kristin Wagner came back under Advanced Corr. Health Care. Her first day back she attacked my medical diet. Taking all three protein shakes from me. This was in retaliation for filing previous civil suit against her. Brian Waterman v. Bd. of Commer's. she immediately attacked my health and medical to cause me unwanton pain an affliction, in retaliation, seeing that my weight had dromtically picked up (1) the defendant was aware of his protected activity (2) the protected activity complained of the defendants actions, and (3) the alleged retaliatory act "was in close temporal proximity to the protected activity." Sluro v. City of Grove 510 F.3d 1196, 1203 (10th Cir. 2007); Allen v. Avance, 491 Fed. Appx. 1, 6 (Quoting Gee v. Pacheco, 627 F.2d 1178 1189 (10th Cir. 2010) Also losing her job at Cherokee Jail as the nurse for 4 months. Plus a previous civil suit was her cause for retaliation attacking my medical diet her first day back. Then on July of 2019 I was brung back from Sedgwick I weighed at 173. I was placed on a medical diet of 1 boiled egg at lunch or half a peanut butter sandwich by APRN Wagner. From July to August I went from 173 to 164 due to medical neglect and inadequate meals provided by Consolidated Correctional foodservice, and Kitchen Manager Danny Davis an cook Laura. In febuary of 2020 I went back to Cherokee Jail weighing 183 pds. I left weighing 176 in March of 2020. I was not allowed to be weighed while there per APRN Wagner. I weighed at Sedgwick by nurses at Intake. Every time I go to Cherokee Jail for a perioid of two weeks or more I drop a dromtic amount of weight. When I'm housed at other Jails my weight goes up. Under the process clause of the fourteenth a pretrial detainee is entitled to "humane conditions of confinment (with)... the basic necessities of adequate food, clothing, shelter and medical care." Ledbetter v. City of Topeka, Kan., 318 F.3d 1183, 1188 (10th Cir. 2003) (Quoting Barney v. Pulsipher, 143 F.3d 1299, 1310 (10th Cir. 1998) APRN Wagner knows the food is inadequate the reason she refuses all inmates now to be weighed, to stop a record of weightloss at Cherokee County Jail. We are not receiving the correct amount of nutrients, or the weightloss wouldn't be continuous and severe. Wagner is conspiring with Consolidated Correctional foodservice to help keep the cost down to feed us resulting in inadequate meals causing severe weightloss is a result of lack of nutrients and protein in all three meals. An Inmate who has continuous weightloss at one facility an not another, produces the indisputed facts of total inadequate meals served. On March 23rd an 24th I filed grievances on Danny Davis an Laura for the meals.

On March 25th 2020 my lunch main course was salted down. I choked through it told the Jailer and Sgt. Macafee. Dinner was even worse my main course salted down. I informed Sgt. Macafee an Montanye. I had to kick C-pod door to get a jailer down there over my tray. Montogomery took my tray, came back, a stated he tasted my tray it was full of salt. I'm allegic to green bean an peas also on a vegie tray. My tray was targeted by Danny and Laura. Out of 108 inmates my tray was the only tray for lunch and dinner tampered with. It was verified by the Jailer. My Dinner main course was replaced with mash potatos. This was done in retaliation for filing grievances on the Kitchen Staff, and to punish me. Both meals were un fit for consumption. Ledbetter v. City of topeka Kan. 318 F.3d 1183, 1188 (10th Cir 2003). Bell v. Wolfish 441 US 520 (1979) Shee v City of Grove, 510 F.3d 1196, 1203 (10th Cir. 2007); Allen v. Avance, 491 Fed. Appx. 1,6; Gee v. Pacheco, 627 F.3d 1178, 1189 (10th Cir 2010) It was also punishment when wagner without a medical cause took all three protein shakes from me on her first day back. Bell v. Wolfish, 441 US 520 (1979).

Facts: In July of 2019 I came back to Cherokee Jail weighing 173 I went down to 164. All Wagner would provide for my weightloss was one boiled egg a day. On that diet I still lost weight. I wasn't there a month. I came back in Feb of 2020 for trial weighing 183 left 3 weeks later weighing 176 on no diet, I was not allowed to be weighed. I was weighed back at Sedgwick Jail, at 176 at intake, again later at 180. There is little or no protein or nutrients in the meals. Breakfast a handful of Cereal, 1 milk, small cake. Noodles or rice through out the day. On a 3000 calorie diet there suppose to be 30 grams of protein per meal. There is not. Consolidated Food Service has cut the menue in half, and we are served meals that are nutritional inadequate, causing rapid weightloss. On March 25th 2020 Danny and Laura salted my lunch and my main course down intentionally, due to filing grievances on them. My tray out of 108 inmates was the only tray totally salted down. The Jailer tasted the tray and agreed. This suit is Bring on Wagner due to she is not with Manzer Health when she committed these new acts against me, but now with Advance Correctional Health Care.

C) (1) Count III: ~~_____~~

(2) Supporting Facts: ~~_____~~

### D. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1) Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment?

   Yes ☐   No ☒ . If your answer if "Yes", describe each lawsuit. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

   a) Parties to previous lawsuit:
      Plaintiffs: Brian Waterman
      Defendants: Cherokee County Jail
   b) Name of court and docket number 18-CV-3093-SAC

   c) Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) pending

   d) Issues raised due process, denial of religion

e) Approximate date of filing lawsuit __March 2018__

f) Approximate date of disposition __?__

1) I have previously sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part C Yes ☒ No ☐. If your answer is "Yes", briefly describe how relief was sought and the results. If you answer is "No", briefly explain why administrative relief was not sought.

__Filed grievances to no avail__

### 2) REQUEST FOR RELIEF

1) I believe that I am entitled to the following relief:

__injunctive Relief, Inmates to be seen by competent medical staff compensatory, 100,000.00, Monetory, 75,000.00 Daclatory 75,000.00 punitive 100,000.00__

_____         __Brian Waterman__
Signature of Attorney (if any)                  Signature of Plaintiff

_____
(Attorney's full address and telephone number)

XE-2 8/82             CIVIL RIGHTS COMPLAINT §1983                    5

Plaintiff Brian Waterman
Defendant Bd of Commissioners
18-CV-3075-SAC
 Pending
due process, medical neglect.
July 2018

Plaintiff Brian Waterman
Defendant Crawford County Jail
18-CV-3092-SAC
 Dismissed

Plaintiff Brian Waterman
Defendant Michelle tippie
18-CV-3297-SAC
 Appealled
 Oct of 2018

Plaintiff Brian Waterman
Defendant Jacob Conard
2019-CV-3237-SAC
waiting on an awser back
violations of 4th, 5th, 6th an 14th
Decem 2019.

Brian Waterman
CBM foods
2020-CV-3108-SAC
14th Amendment violations.
waiting on an Anwser back.